UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NITZA VAICIUNAS,
on her own behalf and others
similarly situated,

    Plaintiff,

v.

AVADANIAN & ADLER, LLC, a Florida
limited liability company, and GREGG
AVADANIAN, individually,

    Defendants.
_____/

## COMPLAINT

1.    Plaintiff, NITZA VAICIUNAS, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, AVADANIAN & ADLER, LLC, a Florida limited liability company, and GREGG AVADANIAN, individually, and brings this action on behalf of herself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.    Plaintiff, NITZA VAICIUNAS ("Plaintiff"), was an employee of Defendants, and performed her duties as a "Collector" with Defendants in Broward County, Florida, which is within the jurisdiction of this Court.

3.    Defendant, AVADANIAN & ADLER, LLC is a Florida limited liability company with its principal place of business in Broward County, Florida.

4.    At all times material hereto, GREGG AVADANIAN, was and is an individual resident of the State of Florida, who owns, manages, and/or operates AVADANIAN & ADLER,

LLC, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of AVADANIAN & ADLER, LLC. By virtue of such control and authority, GREGG AVADANIAN, is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

5. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

6. Defendants, AVADANIAN & ADLER, LLC and GREGG AVADANIAN, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

7. At all times pertinent to this Complaint, Defendant, AVADANIAN & ADLER, LLC, regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. At all times material to this Complaint, Defendant, AVADANIAN & ADLER, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of AVADANIAN & ADLER, LLC was in excess of $500,000.00 per annum at all times material hereto.

10. At all times pertinent to this Complaint, Defendant, AVADANIAN & ADLER, LLC, was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. In addition, Plaintiff herself was engaged in interstate commerce at all times pertinent to this Complaint.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

14. During Plaintiff's employment, she was titled a "Collector." In this position, Plaintiff was mis-classified as exempt from the overtime provisions of the FLSA and only paid a salary and commissions with no overtime compensation.

15. Further, when Plaintiff earned commissions, Defendants did not include her commissions in the calculation of the regular rate of pay.

16. Plaintiff's primary duties were of a non-exempt nature, and included making phone calls to collect payments on accounts, generating reports reflecting the balance due on customer accounts and providing them to the customers, processing payments, and receiving incoming phone calls.

17. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks. Instead, Defendants only paid Plaintiff and the similarly situated employees their salaries, with no additional compensation for overtime hours worked.

18. The additional persons who may become Plaintiffs in this action are all present and former salaried employees, however titled, who have been misclassified as exempt from the overtime provisions of the FLSA, and who worked overtime hours during their employment with

Defendant on or after December 2007, but were not compensated for those overtime hours worked.

19. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

20. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

21. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

22. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 22 above.

24. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

25. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

26. As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, NITZA VAICIUNAS, and other similarly situated employees, demand judgment against Defendants, AVADANIAN & ADLER, LLC and GREGG AVADANIAN, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: December 27, 2010
Boca Raton, Florida

Respectfully submitted,

_____
CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
GREGG I. SHAVITZ (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## NOTICE OF CONSENT TO JOIN

The undersigned, _Nitza Vaiciunas_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

x _Nitza Vaiciunas_
CLIENT SIGNATURE

_Nitza Vaiciunas_
PRINT NAME